IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID TERRENCE STEPHENS,
D.O.C. # 059682,

  Plaintiff,

vs.            Case No. 4:15cv386-WS/CAS

JULIES JONES, et al.,

  Defendants.

_____/

REPORT AND RECOMMENDATION

  This case was initiated in the Middle District of Florida on July 30, 2015, and transferred to this Court in early August 2015.  Docs. 3-4.  Plaintiff filed a complaint, doc. 1, but did not initially file an in forma pauperis motion.  In retrospect, it now appears that Plaintiff did not file the motion because Plaintiff was well aware that he has "three strikes" and is prohibited from proceeding with in forma pauperis status unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  *See* case number 8:13cv1397, Middle District of Florida (doc. 7 of that case, denying Plaintiff's motion for in forma pauperis status pursuant to § 1915(g)).  However, Plaintiff's status was unknown in this Court and Plaintiff was directed to either pay the fee or submit an

in forma pauperis motion. Doc. 6. Plaintiff filed the motion, doc. 12, and was granted in forma pauperis status. Doc. 17.

Plaintiff has not paid the assessed initial partial filing fee, and in the course of reviewing this case and Plaintiff's numerous pending motions, *see* docs. 11, 13-16, 21, 23-28, it has been discovered that Plaintiff should not have been granted in forma pauperis status[1] unless his complaint demonstrated that Plaintiff met the § 1915(g)[2] exception.

Plaintiff's complaint alleges a variety of claims against unspecified Defendants. Doc. 1. The allegations span his transfer on May 21, 2014, from Okeechobee Correctional Institution to Liberty Correctional Institution, to the fact that Plaintiff's Rule 60(b) motion was denied and Plaintiff was housed in confinement. *Id.* at 1-4. On July 13, 2015, Plaintiff fell when trying to get off his top bunk and went to medical for treatment. *Id.* at 4-5. While in medical, Plaintiff said he did not want to go back to his assigned dormitory. *Id.* at 5. Plaintiff was then taken to confinement and claims he saw people "spitting." *Id.* at 6. Plaintiff complains generally about the conditions of his confinement, but his assertions do not demonstrate that he is in imminent danger from any identifiable person. Plaintiff's comments are rambling statements of seemingly

---

[1] Plaintiff acknowledges he has three strikes. *See* doc. 23 at 1.

[2] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

unrelated incidents. Plaintiff references the <u>Valdez v. Crosby</u> case, but provides no facts showing that his situation is similar to that of inmate Valdez. Doc. 1.

Prior to review of the complaint, Plaintiff filed a first amended complaint. Doc. 20. That version of the complaint has also been reviewed to determine if Plaintiff has presented factual allegations there which show he is under imminent danger of serious physical injury. Plaintiff's 77-page amended complaint alleges events beginning in December 1998 prior to Plaintiff's incarceration, and continues with rambling narratives concerning events which took place over the next sixteen years. Such a shotgun complaint is insufficient to demonstrate that Plaintiff faces imminent danger of serious physical injury.

Judicial notice is taken of the order of dismissal in case number 8:14cv1904 from the Middle District of Florida. Doc. 7 of that case. United States District Judge Charlene Edwards Honeywell points out that Plaintiff has three strikes under § 1915(g) and attempted to "circumvent the PLRA's objective of deterring frivolous prisoner complaints by presenting these multiple unrelated claims against multiple defendants in one action." Doc. 7 at 3. Plaintiff has attempted to do so in this case as well. Plaintiff names 48 persons as Defendants, never identifying the specific prison location where those persons were employed. Doc. 20 at 3-6. Plaintiff presents a rambling narrative of unrelated events transpiring over many years. Such a complaint is insufficient to demonstrate imminent danger.

Accordingly, it is recommended that the Order which improvidently granted Plaintiff in forma pauperis status, doc. 17, be vacated, and this case be dismissed

pursuant to 28 U.S.C. § 1915(g).  Plaintiff has accumulated more than "three strikes" under § 1915(g)[3] and has not demonstrated that he is in imminent danger of serious physical injury.  Dismissal should be without prejudice to Plaintiff's refiling this action upon either pay the full $400.00 filing fee at the time of case initiation, or the submission of an in forma pauperis motion and complaint which presents clear allegations demonstrating that Plaintiff is in imminent danger of serious physical injury from a specific defendant.  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that the Order granting Plaintiff in forma pauperis status, doc. 17, be **VACATED**, Plaintiff's motions seeking leave proceed in forma pauperis, docs. 12, 23, and 27, be **DENIED**, this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and all other pending motions be **DENIED**.  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on October 1, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The cases dismissed in the Middle District of Florida as either frivolous, malicious, or for failure to state a claim include: case no. 6:01cv1512, case no. 6:04cv695, case no. 6:04cv811, case no. 8:06cv319, case no. 6:07cv536, case no. 8:09cv194, and case no. 8:11cv1342.  See case no. 8:13cv1397, doc. 7 at 2.  Plaintiff has also had cases previously dismissed under § 1915(g), including: case no. 8:14cv1861, case no. 8:14cv553, and case no. 8:13cv1397.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.